IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

*E-FILED 3/8/06*

| | |
|---|---|
| WITNESS SYSTEMS, INC., ) | |
| ) | |
| *Plaintiff*, ) | MISC NO. 05-80298 |
| ) | |
| v. ) | (Related to Case No. 1:04-CV- |
| ) | 2531-CAP pending in the Northern |
| NICE SYSTEMS LTD. and ) | District of Georgia) |
| NICE SYSTEMS, INC., ) | |
| ) | [~~PROPOSED~~] ORDER |
| *Defendants*. ) | |
| ) | |

By stipulation and agreement of Plaintiff Witness Systems, Inc. ("Witness Systems") and the third-party responding to discovery, Netopia, Inc. ("Netopia"), in accordance with the February 15, 2006 Order of Magistrate Judge Richard Seeborg of the Northern District of California, and for good cause shown, it is hereby ORDERED that the Parties shall, within 5 days of the date of this Order, enter a stipulated amendment, attached as hereto as Exhibit A ("the Second Amendment"), to the Consent Protective Order ("the Order"), entered in that certain case styled *Witness Systems, Inc. v. NICE Systems, Inc.,* Case No. 1:04-CV-2531-CAP pending in the Northern District of Georgia. The Parties shall enter the Second Amendment only with respect to Netopia's Timbuktu Pro Remote Control

Software to which NICE Systems Ltd. or NICE Systems, Inc. (collectively "NICE") has access to under license agreement between Netopia and NICE or is otherwise used or incorporated in any NICE product ("source code" or "Netopia's source code").  To the extent that the Second Amendment conflicts with the Stipulated Amendment to Consent Protective Order of March 23, 2005 ("the First Amendment") entered by the Northern District of Georgia, the Parties agree that the terms of the Second Amendment shall govern.

IT IS SO ORDERED, this  8  day of  March , 2006.

_____
Richard Seeborg
United States Magistrate Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WITNESS SYSTEMS, INC., )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>NICE SYSTEMS LTD. and )<br>NICE SYSTEMS, INC., )<br>)<br>*Defendants.* )<br>) | CASE NO. 1:04-CV-2531-CAP |

## SECOND STIPULATED AMENDMENT
## TO CONSENT PROTECTIVE ORDER

By stipulation and agreement of the parties, pursuant to court order, and for good cause shown, it is hereby ORDERED that the following stipulated amendment (the "Second Amendment") to the provisions of the Consent Protective Order ("the Order") shall govern the conduct of discovery by plaintiff Witness Systems, Inc. ("Witness Systems") and by defendant NICE Systems, Inc. ("NICE") with respect to third party Netopia, Inc. ("Netopia") in the above-captioned action. The Second Amendment shall add new paragraph 6.1 to the

Order. To the extent that the Second Amendment conflicts with the Stipulated Amendment to Consent Protective Order of March 23, 2005, the Parties agree that the terms of the Second Amendment shall govern as between Witness Systems and Netopia. The terms of new paragraph 6.1 are:

6.1     <u>Disclosure of Information Designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE"</u>

Source code and documents that describe or disclose source code or that describe or disclose encoding or decoding algorithms used in source code that Netopia provided access to NICE Systems, Inc. under the terms of a license agreement may be designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE." Documents and things so designated will be subject to all of the restrictions as material designated "CONFIDENTIAL -- COUNSEL ONLY" and "HIGHLY SENSITIVE – SOURCE CODE" and will also be subject to the following additional restrictions and provisions:

**(a)**     Netopia shall produce materials designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE," if available in electronic form, on two (2) password protected laptops. Witness Systems shall provide the two (2) laptops to Netopia at Witness Systems' expense. Netopia shall install the "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" onto the laptops and enable a user

account on each laptop for source code access only.  Witness Systems' counsel and independent experts/consultants shall not alter, dismantle, disassemble or modify the password protected laptops in any way, and shall not attempt to circumvent any security feature of the laptops.  Additionally, Witness Systems' counsel and independent experts/consultants or anyone else shall not connect the laptops to a network or the Internet.  The laptops shall only be accessed through the user accounts created by Netopia.

**(b)**   Access to material designated "NETOPIA HIGHLY SENSITIVE - SOURCE CODE" shall not be provided to, accessed by, viewed by, described to (indirectly or directly), or otherwise disclosed to anyone outside of the class permitted to access "NETOPIA HIGHLY SENSITIVE – SOURCE CODE," including but not limited to Witness Systems' in-house counsel, officers, directors, employees, and/or non-independent experts or consultants.  The class permitted to access "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" are those individuals permitted to access "HIGHLY SENSITIVE – SOURCE CODE" under the terms of the Order and the First Amendment and who have also agreed to the terms of the Second Amendment.

**(c)** Witness Systems agrees that no one with access to Netopia's source code will compile Netopia's source code, including, but not limited to Witness Systems' outside counsel and independent experts/consultants.

**(d)** One of the laptops described in subparagraph (a) shall only be kept at the office of Witness Systems' outside counsel. The other laptop described in subparagraph (a) may be kept at the office of Witness Systems' outside counsel or the office of one of Witness Systems' independent expert or consultant, subject to compliance with the procedures outlined in paragraph 10. Neither laptop shall leave the office to which it is delivered, and shall only be delivered to a location within the United States.

**(e)** The two (2) laptops and each electronic, written, and printed copy of materials designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE" shall be stored securely when not in use, in such a manner to prevent duplication, unauthorized access, and/or misappropriation of such materials. The manner of storage shall include storing the laptops and all documents designated "NETOPIA HIGHLY SENSITIVE – SOURCE CODE," including printouts from the laptops, in a locked safe or locked cabinet. The locked safe or locked cabinet must be kept in a locked and secure room. The locked and secure room shall not be on the ground floor of any building. While in use, the

laptops and such designated materials shall not be left unattended by counsel of record for Witness Systems or Witness Systems' independent expert/consultant.

**(f)** No copies shall be made of any material designated "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" pursuant to this paragraph, whether physical, electronic, or otherwise, except for: (i) temporary electronic copies created in the normal operation of a computer system; (ii) excerpted written and printed portions for use in court filings and proceedings, expert reports, and depositions of persons or entities permitted to access the designated material; and (iii) such other uses to which the parties may agree or that the Court may order.  Any printed copies shall be limited to only those portions of the designated materials for which a printed copy is necessary at the time, not merely convenient.  Any printed copies of material designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE" shall be securely maintained by counsel for Witness Systems and/or Witness Systems' independent expert/consultant, shall be marked "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE" on each page, shall be printed on paper that is designed to either obfuscate text or identify unauthorized copies when a standard photocopy or electronic scan is made, and shall be destroyed as soon as they are no longer needed.  Netopia will provide Witness Systems with an initial supply of 1,000

sheets of such paper, and to the extent that Witness Systems requires more paper, Witness Systems will procure the additional paper at its own cost from the same source as the initial supply of 1,000 sheets.

**(g)** A written print log shall be maintained by counsel of record and the independent expert/consultant for all printed copies of materials designated pursuant to this paragraph. The log shall record the date, the number of pages printed, and the identity of the person who created the printed copies. Witness Systems shall produce a copy of the written print log to Netopia within five (5) calendar days from the date of each and every request made by Netopia for a copy of the written print log, provided such requests are not made more frequently than once every 30 days. All versions of the written print log produced by Witness Systems to Netopia shall remain confidential and shall not be produced to any other party, including NICE, unless ordered by a court.

**(h)** A written access log shall be maintained by counsel of record and the independent expert/consultant that records the name of all persons accessing materials designated pursuant to this paragraph, including the date of access and the person's title, the person's contact information (*e.g.,* address, telephone number, and e-mail address) and a description of the materials accessed (*e.g.,* bates number, computer file names, etc.). Witness Systems shall produce a

copy of the written access log to Netopia within five (5) calendar days from the date of each and every request made by Netopia for a copy of the written access log, provided such requests are not made more frequently than once every 30 days. All versions of the written access log produced by Witness Systems to Netopia shall remain confidential and shall not be produced to any other party, including NICE, unless ordered by a court.

**(i)** The independent expert/consultant shall be provided with no more than a single copy of any materials designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE." The independent expert/consultant shall not be permitted to transmit electronically or in any other way, or disseminate copies of any materials designated "NETOPIA HIGHLY SENSITIVE -- SOURCE CODE."

**(j)** Any court filing that includes "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" shall be filed under seal and so designated.

**(k)** If any information designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" is used in open court, the record and proceedings shall be under seal and so designated. This requires that the court room be cleared of all persons who do not have permission to access to such information.

**(l)** Witness Systems shall provide written notice to Netopia not less than two (2) days (computed pursuant to Federal Rule of Civil Procedure 6(a)) after using any documents in a deposition that contain or describe (directly or indirectly) any materials designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE." Such notice shall disclose the name of the person deposed. Witness Systems shall not disclose or describe (either directly or indirectly) any information designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" to anyone, including deponents, who has not already agreed to be bound to the terms of the Order, the First Amendment, and the Second Amendment, with the exception of deposition witnesses who are currently or were formerly employed by Netopia or any current or former employee of NICE who previously had access to the Netopia source code.

**(m)** In the event that Witness Systems serves, but does not file, a pleading or other paper on NICE pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Georgia and/or the Patent Local Rules for the Northern District of Georgia, and the pleading or paper includes "NETOPIA HIGHLY SENSITIVE – SOURCE CODE," then the pleading or paper shall be marked "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" and Witness Systems shall provide Netopia with a copy of

the certificate of service, mailed the same day as the pleading or other paper is served on NICE.

**(n)** Any court filing that includes or describes (directly or indirectly) "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" shall be filed under seal and so designated. On the same day that Witness Systems files the publicly-available, redacted version with the court , Witness Systems shall serve a copy of the publicly-available, redacted version of said filing to Netopia.

**(o)** Within thirty (30) days after the conclusion of this action, whether by settlement, or by final judgment and the resolution of any appeal thereof, the two (2) laptops and material designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" shall be returned to Netopia. Netopia shall remove the "NETOPIA HIGHLY  SENSITIVE – SOURCE CODE," which may include re-formatting the hard drives in the laptops. In the event that documents containing material designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE" also contain Witness Systems' attorney work product, Witness Systems may, in lieu of returning the documents to Netopia, destroy the documents, including shredding any paper containing "NETOPIA HIGHLY SENSITIVE – SOURCE CODE". Witness Systems shall then notify

Netopia in writing of the number of pages destroyed within the thirty (30) days provided by this subparagraph.

**(p)** Netopia's modification of any of these listed safeguard measures shall not be construed or used in any way as an admission by Netopia that adequate safeguard provisions were taken or that such waived or withdrawn provisions were not necessary to prevent unauthorized access or duplication of the "NETOPIA HIGHLY SENSITIVE – SOURCE CODE."

**(q)** Before gaining access to any information designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE," Witness Systems must agree to be bound by the terms of the Second Amendment. Witness Systems acknowledges that it has already agreed to the Order and the First Amendment. Before any independent expert or consultant may access information designated by Netopia as "NETOPIA HIGHLY SENSITIVE – SOURCE CODE," the independent expert or consultant must agree to be bound by the terms of the Order, the First Amendment and the Second Amendment by completing and signing the "CERTIFICATE TO BE BOUND BY THE PROTECTIVE ORDER" attached to the First Amendment as well as the "CERTIFICATE TO BE BOUND BY PROTECTIVE ORDER, THE FIRST AMENDMENT, AND THE SECOND AMENDMENT" attached to the Second Amendment.

**(r)** The Order, the First Amendment, and the Second Amendment and all amendment thereto shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

IT IS SO ORDERED, this ____ day of _____, 2006.

_____
Charles A. Pannell
United States District Judge

APPROVED AS TO FORM:

| Counsel for Plaintiff<br>WITNESS SYSTEMS, INC.: | Counsel for Third-Party<br>Netopia, Inc.: |
|---|---|
| /s/ Christopher O. Green | /s/ Mitchell M. Blakely |
| Nagendra Setty<br>  Georgia Bar No. 636205<br>Christopher O. Green<br>   Georgia Bar No. 037617<br>FISH & RICHARDSON P.C.<br>1230 Peachtree Street, NE, 19th Floor<br>Atlanta, GA 30309<br>Tel:   404.892.5005<br>Fax:  404.892.5002 | David C. Bohrer<br>         CA Bar No. 212397<br>Mitchell M. Blakely<br>         CA Bar No. 214946<br><br>MORGAN LEWIS & BOCKIUS LLP<br>2 Palo Alto Square<br>3000 El Camino Real, Suite 700<br>Palo Alto, California 94306<br>Tel:   650.843.4000<br>Fax:  650.843.4001 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WITNESS SYSTEMS, INC., ) | |
| ) | |
| *Plaintiff,* ) | CASE NO. 1:04-CV-2531-CAP |
| ) | |
| v. ) | |
| ) | |
| NICE SYSTEMS LTD. and ) | |
| NICE SYSTEMS, INC., ) | |
| ) | |
| *Defendants.* ) | |

**CERTIFICATE TO BE BOUND BY PROTECTIVE ORDER, THE FIRST AMENDMENT AND THE SECOND AMENDMENT**

The undersigned, having read and understood the Consent Protective Order, entered by the Court in the Northern District of Georgia on March 17, 2005 ("the Order"), the Stipulated Amendment to Consent Protective Order entered in the by the Court in the Northern District of Georgia on March 23, 2005 ("the First Amendment"), and the Second Amendment to the Consent Protective Order ("the Second Amendment") entered by the Court in the Northern District of California on _____, 2006, which governs the restricted use of documents and other information designated by Netopia as "CONFIDENTIAL", "CONFIDENTIAL – COUNSEL ONLY", AND "NETOPIA HIGHLY

12000309.DOC
1-PA/3577775.1

15

SENSITIVE – SOURCE CODE", hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.  The undersigned also certifies that he or she has read, understood, signed and executed the Certificate of Consent to be Bound by the Protective Order attached to the First Amendment as well as this Certificate to be Bound by the Protective Order, the First Amendment and the Second Amendment attached to the Second Amendment.

Date:_____, 200___

                        Name:      _____

                        Address:   _____

                                       _____

                                       _____